IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:12cr6-SPM

LETARON MAURICE GORDON,

    Defendant.
_____/

### ORDER DENYING MOTION FOR NEW TRIAL

This cause comes before the Court on Defendant's Motion for New Trial (doc. 134) and the Government response in opposition (doc. 139). A court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. A new trial is not warranted in this case.

Defendant's first argument for granting a new trial concerns the Court's decision to give a curative instruction, rather than order a mistrial, after Sergeant Brett Rowlands gave testimony suggesting that Defendant had a criminal history that included narcotics violations. The Court stands by its decision to give the curative instruction. Sergeant Rowlands testimony, while improper, was not so prejudicial that it could not be cured by the Court's instruction.

Defendant's second argument for granting a new trial concerns the sufficiency of the evidence to show Defendant's participation in the conspiracy

and his possession of marijuana. Co-defendant Williams testified that once a month he fronted marijuana to Defendant, meaning Williams gave the marijuana to Defendant on credit and Defendant paid for it afterward with the money he made from selling it. According to Williams, in the beginning the amount he fronted to Defendant was approximately 5 pounds, but it later increased to 20 pounds. Co-defendant Jankowski testified that approximately four times after receiving shipments at the warehouse she delivered a bale of marijuana to Defendant. On February 8, 2012, after Williams and Jankowski received a shipment at the warehouse and transported the bales to the stash house, Defendant met Jankowski and Williams at the stash house and picked up a bale of marijuana. That bale was later seized from Defendant's van during a traffic stop.

This evidence was sufficient to establish an on-going conspiracy between Defendant, Williams, and Jankowski to distribute and possess with intent to distribute marijuana as charged in the indictment. The evidence was also sufficient to establish Defendant's possession of marijuana. The jury found that the marijuana involved in each count was less than 50 kilograms[1], which is also consistent with the evidence at trial.

---

[1] Defendant argues in his motion that the evidence was insufficient to establish his possession with intent to distribute more than 100 kilograms of marijuana. The jury's verdict, however, was that the amount of marijuana was less than 50 kilograms.

CASE NO.: 1:12cr6-SPM

Defendant's final argument concerns the prosecutor's reference during closing argument to facts not in evidence concerning Williams' testimony. The Court's recollection of Williams' testimony is that on redirect examination Williams testified that he began cooperating immediately upon his arrest and told Agents Griffiths and DeVinny about his involvement and his co-defendants' involvement in the drug activities. Assuming, however, that Defendant is correct about the evidence, the Court instructed the jury at the beginning of the case and again before deliberations that what the lawyers say is not evidence. The Court also instructed the jury that it is their own individual and collective recollection of the evidence that controls.

Given all of the circumstances, the Court finds that there are no grounds that would warrant granting a new trial in this case. Accordingly, it is

ORDERED AND ADJUDGED: Defendant's Motion for New Trial (doc. 134) is denied.

DONE AND ORDERED this 21st day of August, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:12cr6-SPM